UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| SHORT FORK FARMS, LLC | CASE NO. 23-13661-JDW |
| | |
| GUARANTY BANK AND TRUST COMPANY | PLAINTIFF |
| | |
| v. | ADVERSARY PRO. NO. _____ |
| | |
| GUY BURKE HENDRIX, JR. | DEFENDANT |

**COMPLAINT FOR PRELIMNARY AND PERMANENT INJUNCTION**

Guaranty Bank & Trust Company, ("Guaranty Bank") for its complaint for preliminary and permanent injunction against Guy Burke Hendrix, Jr. ("Burke") would state as follows:

**PARTIES**

1. Guaranty Bank is a Mississippi banking corporation. It is a secured creditor in the underlying bankruptcy case of *In re Short Fork Farms, LLC*, 23-13661-JDW.

2. Burke is an adult resident citizen of Hernando, DeSoto County, Mississippi. Burke is the 50% member of the debtor Short Fork Farms and was previously the party responsible for the management of Short Fork Farms until removed by order of this Court. Burke may be served with process pursuant to Federal Rule of Bankruptcy Procedure 7004.

**JURISDICTION**

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 105, and Federal Rule of Bankruptcy Procedure 7001(g). This is a core proceeding pursuant to 28 U.S.C. § 157(a)(2)(A).

1

## FACTUAL BACKGROUND

4. Prior to Short Fork Farms filing for Chapter 11 relief in this Court, Guaranty Bank made a secured loan to Short Fork Development, LLC, in the original principal amount of $8,268,592 or so much as may be outstanding with a maturity date of June 15, 2023 ("Note"). A copy of the Note is attached to Guaranty Bank's proof of claim in this proceeding, Claim No. 2. A true and correct copy of Claim No. 2 is attached hereto as Exhibit A and incorporated herein by reference. Short Fork Farms, along with Burke, guaranteed the note.

5. Short Fork Development and Short Fork Farms failed to pay the Note upon its maturity and, on the day of a scheduled foreclosure in DeSoto County, Mississippi, both entities filed for relief pursuant to Chapter 11 in this Court: Short Fork Development, Case No. 23-13660-JDW and Short Fork Farms, Case No. 23-13661-JDW. That same day, Hendrix Farming LLC and the Guy B. Hendrix Sr. Revocable Living Trust also filed for relief pursuant to Chapter 11 in this Court, Case No. 23-13663-JDW and 23-13664-JDW, respectively.

6. Burke owned a 50%-interest in Short Fork Development, Short Fork Farms and Hendrix Farming. Burke operated these entities as the debtor in possession.

7. On June 21, 2024, counsel for Short Fork Farms filed a Motion to Remove Debtor-in-Possession, Dkt. #119 ("Removal Motion"). The Removal Motion sought to remove Burke based in part on the fact that Burke "has made various statement that could be construed as threats against third parties [representatives of Guaranty Bank]." Dkt. #119, p.2.[1]

---

[1] An identical motion was filed in Hendrix Farming, Case No. 23-13663-JDW, Dkt. #152 and in Short Fork Development, Case No. 23-13660-JDW, Dkt. #137.

8. On July 10, 2024, the Court conducted a hearing on the Removal Motion. The Court removed Burke and replaced him with a trustee, Robert A. Byrd. An order to that effect was entered on July 26, 2024, Dkt. #143.[2]

9. Notwithstanding the Court's removal of Burke, he has continued to harass representatives of Guaranty Bank and interfere with their attempts to participate in this case as a secured creditor. The harassment has come in the form of threating text messages and emails to Colie Sanford, the City President of Guaranty Bank in Hernando. Specifically, as recently as February 14 and February 22, 2025, Burke sent several increasingly threatening text messages to Colie Sanford in which Burke called him a "worthless low bred mother****er," accused Colie of hacking into Burke's phone and stalking Burke (both of which are not true), and indicated a desire to physically "meet up" with Colie.

10. On February 22, 2025,[3] Burke sent text messages to Colie Sanford in which he called Colie, along with the CEO of Guaranty Bank and another member of Guaranty Bank's advisory board of directors, "sorry, worthless, despicable pieces of dog s**t [.]" Burke challenged Mr. Sanford to come meet him, saying, "You piece of f******g s**t!!! Meet me!!!" A compilation of all the threatening text messages Burke has sent Colie Sanford since this bankruptcy case was filed is attached hereto as Exhibit B and incorporated herein by reference.

10. Further, although Burke was removed as debtor in possession, he continues to insert himself in the operation of the Debtor and harass the bank about its actions in this case. First, Burke filed a complaint with Guaranty Bank's regulator on behalf of the debtor, which he had no

---

[2] An identical order was entered in Hendrix Farming, Case No. 23-13663-JDW, Dkt #183 and in Short Fork Development, Case No. 23-13660-JDW, Dkt. #162.

[3] It should be noted that one day prior, on February 21, 2025, Guaranty Bank foreclosed on certain real property owned by Short Fork Farms consistent with this Court's Agreed Order Partially Granting Guaranty Bank & Trust Company's Motion to Terminate Automatic Stay, Dkt. #177. Because of Burke's behavior throughout this bankruptcy case, Guaranty Bank was forced to secure police presence during the foreclosure sale to ensure the safety of its representatives.

authority to do. Burke has also sent numerous questions to the Trustee directed at Guaranty Bank. Most recently, Burke indicated to the Trustee that he disputed the survey Guaranty Bank obtained in connection with the order of this Court at Dkt. #177 claiming the "stakes are not in line with the map Spencer presented to the Court."[4] He also claimed, incorrectly, that Guaranty Bank and Guaranty Bank & Trust were separate entities with Guaranty Bank & Trust being "bogus." An example of this repeated email correspondence has been attached hereto as Exhibit C and incorporated herein by reference.

11. Because of Burke's actions in this case, Guaranty Bank has been required to retain private security for the safety of its employees at its bank branch in Hernando, Mississippi. Guaranty Bank has also had to respond to the complaint with its regulator and response to numerous inquiries. Burke's efforts to oppose Guaranty Bank's participation in this bankruptcy case and the exercise of its rights as a secured creditor have caused substantial delays in reaching an ultimate resolution of this bankruptcy and increased the amount of Guaranty Bank's debt through additional interest accruals and other costs, such as appraisal fees and attorneys' fees, all of which are detrimental to the administration of this estate in bankruptcy.

12. Finally, while the Trustee has done a good job in this case, Burke's actions are most certainly adding to the Trustee's fees as Burke continues to send the Trustee questions about Guaranty Bank's claims and actions in this case as a secured creditor, which requires Guaranty Bank to respond. Such actions are detrimental to Guaranty Bank and the estate. Unless enjoined from doing so, Burke will continue with his actions to the detriment of Guaranty Bank and the administration of the bankruptcy estate.

---

[4] In fact, the survey is of all the non-farmland on the east side of Short Fork Creek. The survey of the tract at issue is consistent with the representations to the Court.

## REQUEST FOR PRELIMNARY AND PERMANENT INJUNCTION

13. Guaranty Bank adopts and realleges the allegations in Counts 1-12 of the Complaint.

14. Pursuant to 11 U.S.C. § 105(a), the Bankruptcy Court has the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Code and to "tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Placid Refining Co. v. Terrebonne Fuel and Lube, Inc. (In re Terrebonne Fuel & Lube, Inc.),* 108 F.3d 609, 613 (5th Cir. 1997).

13. The Bankruptcy Court thus has the power to issue an injunction to protect a creditor who is participating in a bankruptcy case and to prohibit a party from interfering with the administration of a bankruptcy estate.

14. Burke's actions have already necessitated his removal as a debtor in possession for Short Fork Farms.

15. As demonstrated by Exhibit B, Burke continues to harass Guaranty Bank's employees during this bankruptcy case.

16. In addition, Burke has further subjected Guaranty Bank and the Trustee to continued harassment by attempting to insert himself into the operation of the debtor and harass the bank about its actions in this case.

17. Guaranty Bank's employees face an immediate and real threat of potential irreparable harm from Burke if he is not enjoined from contacting them or entering upon their premises.

18. Guaranty Bank will be further irreparably harmed if Burke is not enjoined from interfering with Guaranty Bank's participation in this bankruptcy case by using the Trustee to inundate Guaranty Bank will requests for information.

19  An injunction will serve the public interest by ensuring that Guaranty Bank can participate in this case free from the threats to its employees.

20. Guaranty Bank is entitled to a preliminary and permanent injunction preventing Burke from contacting any Guaranty Bank representative, either directly or indirectly, as long as this bankruptcy case is pending, or from going onto or entering the premises of any Guaranty Bank location and from interfering with Guaranty Bank's participation in this bankruptcy case as a secured creditor.

WHEREFORE, Guaranty Bank and Trust Company demands the following relief:

1. The Court enter a preliminary and permanent injunction preventing Burke from contacting any Guaranty Bank representative, either directly or indirectly, as long as this bankruptcy case is pending, or from going onto or entering the premises of any Guaranty Bank location;

2. The Court enter a preliminary and permanent injunction preventing Burke from interfering with Guaranty Bank's participation in the bankruptcy case either directly or indirectly through the Trustee, or any other representative of the bankruptcy estate;

3. For reasonable attorneys' fees and costs, including the costs of hiring private security, and the attorneys' fees and costs related to filing this complaint; and

4. For general relief to which Guaranty Bank may be entitled.

Respectfully submitted this 24th day of February, 2025.

GUARANTY BANK AND TRUST COMPANY

By: /s/ Jim F. Spencer, Jr.
    One of Its attorneys

OF COUNSEL
JIM F. SPENCER, JR. (MSB#7736)
ERIN A. MCMANUS (MSB #106317)
WATKINS & EAGER PLLC
P.O. BOX 650
JACKSON, MISSISSIPPI 39205
(601) 965-1900
jspencer@watkinseager.com
emcmanus@watkinseager.com

**CERTIFICATE OF SERVICE**

    I, Jim F. Spencer, Jr., hereby certify that the foregoing pleading was filed electronically through the Court's ECF system and thereby served electronically on all parties enlisted to receive service electronically, including the following persons:

Craig M. Geno – cmgeno@cmgenolaw.com

Office of the United States Trustee – USTPRegion05.JA.ECF@usdoj.gov

Robert A. Byrd, Trustee – rab@byrdwiser.com

SO CERTIFIED, this the 24th day of February, 2025.

/s/ *Jim F. Spencer, Jr.*
Jim F. Spencer, Jr.
